| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| STEVE QUIBODEAUX and THE KIDS SAFARI, d/b/a WEE CARE CHILDHOOD AND PRESCHOOL, <br><br> Plaintiffs, <br><br> *versus* <br><br> NAUTILUS INSURANCE CO., <br><br> Defendant. | § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 1:10-CV-739 |

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On March 10, 2015, Judge Giblin issued a report and recommendation in which he recommended that the Court grant the defendant's motion for summary judgment and enter judgment in favor of the defendant, Nautilus Insurance Company.

On March 24, 2015, the plaintiffs filed objections to the magistrate judge's recommendation. The plaintiffs contend that the magistrate judge erred by (1) finding that the appraisal process barred their breach of contract claim for contents damage and (2) concluding that the plaintiffs' extra-contractual causes of action are also barred as a matter of law. The plaintiffs did not present additional evidence with their objections creating a fact issue on the breach of contract claim. In their objections, they fail to show how the magistrate judge specifically erred when he found that no genuine issue of material fact existed on the contractual claim. Judge Giblin's report specifically analyzed the binding effect of the underlying appraisal award in this case and the resulting

preclusion of the breach of contract claim. As discussed in the report, the undisputed summary judgment evidence shows that the appraisal award is binding, the defendant insurer timely issued the appraisal award, and the plaintiffs accepted that award without dispute. Texas law clearly provides that an insured is estopped from maintaining a breach of contract claim against its insurer once the insurer tenders payment of a valid appraisal award. *See Report and Recommendation*, at 14 (citing *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (per curiam)). The plaintiffs' objections do not contest this legal conclusion. Rather, plaintiffs argue that the insurer's delay in invoking appraisal renders the appraisal award invalid. This contention does not alter the outcome because the magistrate judge applied proper legal standards in considering the binding effect of the appraisal process and the resulting award. The plaintiffs' complaints about the defendant's alleged delay in invoking appraisal is also tempered by the fact that plaintiffs did not request to reinstate their claims in this case until almost seven months after completion of the appraisal process. *See Report and Recommendation*, at 2-3.

Finally, despite plaintiffs' unsupported arguments to the contrary, their extra-contractual causes of action are precluded because the breach of contract claim fails as a matter of law. Texas law clearly supports this outcome, as Judge Giblin thoroughly discusses this in his report. The plaintiffs fail to cite case law or evidence in their objections convincing the Court that Judge Giblin erred on this issue.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings should be accepted.

The Court ORDERS that the report and recommendation (#66) is ADOPTED. Plaintiffs' objections (#67) are OVERRULED. The defendant's motion for summary judgment (#60) is granted. The Court will issue final judgment separately.

**Signed this date.**

**Mar 25, 2015**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE